# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

GREGORY WILLIAMS,

    Plaintiff,

 v.

HERITAGE SQUARE, LLC, a Nevada Corporation; DOES I through V, inclusive; and ROE CORPORATIONS VI through X, inclusive,

    Defendant.

Case No. 2:15-cv-01598-APG-PAL

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

(ECF No. 31)

  Plaintiff Gregory Williams leased an apartment from defendant Heritage Square. One day, Williams walked down the stairs outside his home and slipped in a puddle of water, causing him injuries which required medical treatment. Williams believes that Heritage is responsible for the puddle, so he brought this negligence action against it.

  Heritage moves for summary judgment, arguing there is no evidence that it is liable for the spill. I agree. Williams's primary claim for negligence hinges on him proving that Heritage knew of the spill or can be charged with constructive notice of it. But there is no evidence that Heritage knew of the spill or that it should have.

  Williams also raises two other negligence-related claims against Heritage: res ipsa loquitur and negligence per se. But these fail, too. Williams did not properly assert these theories in his complaint or give notice to Heritage that it must defend against them. But even if he did, he cannot show that Heritage had exclusive control of the stairwell or the hot water heater to support his res ipsa loquitur claim. He also cannot show that Heritage violated a statute to support his negligence per se claim.

  Because Williams has not shown a triable issue of fact as to any of his claims, I grant Heritage's motion for summary judgment.

////

## I. BACKGROUND

Williams signed a written lease with Heritage for apartment number 265 (located on the second floor) at Tamarus Park Apartments.[1] The lease term was from December 1, 2012 to November 30, 2013.[2] Williams was residing in apartment 265 when the accident occurred, and continued to reside in the apartment afterward.[3]

On May 13, 2013, Williams alleges that while walking down the stairs outside his apartment within the apartment building, but in an interior stairwell, "he slipped and fell on water that had collected on the stairwell."[4] He testified that he slipped between 10:00 a.m. and 3:00 p.m., and that the stairwell had no windows and had poor lighting.[5]

Williams also alleges that water had leaked onto the stairwell from a water heater in the apartment building adjacent to the stairwell.[6] He testified that he never saw any water on the same stairwell before and that he did not notice any water on the stairwell the night prior to the accident.[7]

Heritage admits that at some unknown time prior to the accident, a water heater in the apartment adjacent to the stairwell developed a leak.[8] Heritage says that Williams never complained about the spilled water on the stairwell and it did not receive any complaints about the leak until four days after the accident.[9] Heritage says that despite the leak, there was no water

---

[1] ECF No. 31-1.
[2] *Id.*
[3] ECF No. 41 at 4.
[4] ECF No. 2-1 at 4.
[5] ECF No. 41 at 5.
[6] ECF No. 2-1 at 4.
[7] ECF No. 41 at 5-8.
[8] ECF No. 31 at 7.
[9] ECF No. 31 at 4-7.

observed on the stairwell when Heritage repaired and replaced the water heater on May 20, 2013 or at any time prior to the date.[10]

## II. ANALYSIS

### A. Summary Judgment

Summary judgment is appropriate when the pleadings, discovery responses, and other offered evidence show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[11] When considering summary judgment, I view all facts and draw all inferences in the light most favorable to the non-moving party.[12]

If the moving party demonstrates the absence of any genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."[13] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[14] He "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[15]

### B. Williams's negligence claim against Heritage fails.

Williams claims that Heritage is liable for negligence because it breached its duty to properly inspect and maintain the stairwell where he fell and the water heater that allegedly caused the spill. Under Nevada law, "an owner or occupier of land should be held to the general duty of reasonable care when another is injured on that land ... [and] determinations of liability should primarily depend upon whether the owner or occupier acted reasonably under the

---

[10] ECF No. 31 at 7.

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (*citing* Fed. R. Civ. P. 56(c)).

[12] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[14] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citation omitted).

[15] *Bhan v. NME Hosps. Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

circumstances."[16] When there is a hidden danger on the premises, landowners with actual or constructive notice are required to warn persons of those dangers.[17] But even if the danger is obvious, it does not automatically relieve a landowner from the general duty of reasonable care, but "bears on the assessment of whether reasonable care was exercised by the landowner."[18]

The water spill on the stairway created a danger. Evidence shows that the water spill could have come from the leaking water heater. The leaking water heater does not in and of itself create a dangerous condition, but the water spill on the stairwell does. A water spill is not necessarily an obvious danger because it is a transparent substance and someone could easily fail to notice it on a poorly-lit stairwell.[19]

But Heritage had no actual notice. To show actual notice, Williams must prove that Heritage knew of the dangerous condition prior to his fall.[20] He fails to show any evidence that Heritage knew of the water heater leak or the water spill on the stairwell prior to his fall.

Heritage also had no constructive notice. To show constructive notice, Williams must prove that the dangerous condition was "virtually [continuous]."[21] This gives Heritage the chance to discover and fix the danger.[22] Williams fails to show any evidence that either the water heater leak or the water spill on the stairwell was virtually continuous – that it either frequently

---

[16] *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 152 (Nev. 2012) (*quoting Moody v. Manny's Auto Repair*, 871 P.2d 935, 943 (Nev. 1994)).

[17] *Worth v. Reed*, 384 P.2d 1017, 1018 (Nev. 1963).

[18] *Foster*, 291 P.3d at 152.

[19] *Worth*, 384 P.2d at 1019; Williams also testified that the stairwell had poor lighting.

[20] *Morton v. Wal-Mart Stores, Inc.*, No. 2:12-CV-00155-MMD, 2013 WL 557309, at *4 (D. Nev. Feb. 12, 2013).

[21] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 251 (Nev. 1993).

[22] *Morton*, 2013 WL 557309, at *4; Williams argues that Heritage had an affirmative duty to inspect and maintain the stairwell and water heater under *Twardowski v. Westward Ho Motels, Inc.* 476 P.2d 946 (1970) (finding motel had an affirmative duty to inspect for hidden dangers of its swimming pool and slide intended as inducements to attract public use). This case is factually distinguishable from *Twardowski* because a stairwell and hot water unit are not "inducements" to attract public use. *Id*. at 788.

occurred, ordinarily created a hazard in the stairwell, or existed for a substantial period of time.[23] Williams testified that he never saw water on the stairwell before the accident or complained of any water spillage on the stairwell prior to the accident. Heritage is therefore entitled to summary judgment on the negligence claim.

### C. Williams's res ipsa loquitor and negligence per se theories fail.

Alternatively, Williams claims that Heritage is liable for negligence under theories of (1) res ipsa loquitor and (2) negligence per se. These claims fail because they were not properly raised and raising them now would unfairly prejudice Heritage. But even if properly raised, these claims would still fail on their merits.

The Ninth Circuit has held "when issues are raised in opposition to a motion to summary judgment that are outside the scope of the complaint, 'the district court should ... construe [ ] [the matter raised] as a request pursuant to rule 15(b) of the Federal Rules of Civil Procedure to amend the pleadings out of time.'"[24] A rule 15(b) request for amendment should not be granted when it prejudices the defendant.[25] "When a court permits a plaintiff to argue theories not introduced in the complaint nor made known to defendant prior to the close of discovery, the defendant will not be on notice that it must defend against such theories and will thus be prejudiced."[26]

Williams did not plead res ipsa loquitur or negligence per se in his complaint, and did not place Heritage on notice of these theories prior to the close of discovery.[27] He raises these

---

[23] *Sprague*, 849 P.2d at 323.

[24] *Barrett v. JP Morgan Chase Bank*, No. 14CV2976 DMS (WVG), 2016 WL 3523046, at *4 (S.D. Cal. June 27, 2016) (*citing Apache Survival Coal. v. United States*, 21 F.3d 895, 910 (9th Cir. 1994)).

[25] Rule 15(b)(1) of the Federal Rules of Civil Procedure instructs that "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Fed. R. Civ. P. 15(b)(1).

[26] *Barrett*, 2016 WL 3523046, at *4 (*citing Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)).

[27] *See* ECF. No. 1.; Williams also did not allege in his complaint any statute or administrative code he is now relying on for his negligence per se theory.

1    theories for the first time in his opposition to Heritage's motion for summary judgment.[28]
2    Heritage will be prejudiced if Williams's alternative theories are permitted because it had no
3    opportunity to prepare its defenses for these claims.

4    Even if Williams properly raised his res ipsa loquitur and negligence per se claims, he still
5    fails on the merits. Under the res ipsa doctrine, a jury can infer a defendant is liable for a harm if
6    that defendant had "exclusive control of the instrumentality" that caused the harm and the harm is
7    the sort that normally happens only if someone is negligent.[29] This doctrine effectively shifts
8    responsibility onto a defendant who is in a "better position to explain the cause of the accident."[30]

9    There is no evidence that Heritage had exclusive control over the stairwell or the water
10   heater. Numerous other people live in the building, and a puddle of water is not the sort of danger
11   that typically arises only if the landlord is negligent. And even if the water came from the water
12   heater, a heater can leak in the absence of the landlord's negligence. Many things can cause
13   spilled water and a water heater leak .

14   Under a negligence per se theory, Williams must prove that (1) a statute was violated, (2)
15   he belongs to the class of persons that the provision was intended to protect, and (3) the injury he
16   suffered is of the type the provision was intended to prevent.[31] The questions of whether a
17   violation of a statute occurred and whether the violation was a proximate cause of the plaintiff's
18   injuries are ordinarily questions of fact for the jury.[32] But if the party does not have sufficient
19   evidence to support the theory of its case, then summary judgment is appropriate.

20   Williams offers no evidence for a reasonable jury to find that Heritage violated a statute.
21   He argues that Heritage violated NRS § 118A.290 in failing to inspect and maintain the stairwell

---

[28] *See* ECF. No. 16. Williams was previously granted additional time to conduct discovery. He did not request to amend his pleadings during that time nor did he notify Heritage of the res ipsa loquitur and negligence per se theories.

[29] *Otis Elevator Co. v. Reid*, 706 P.2d 1378, 1380 (Nev. 1985).

[30] *Id.*

[31] *Vega v. E. Courtyard Assocs.*, 24 P.3d 219, 222 (Nev. 2001).

[32] *Barnes v. Delta Lines, Inc.*, 669 P.2d 709, 711 (Nev. 1983).

in "good repair," and maintaining plumbing and hot water supply in "good working order." He further argues that Heritage violated NAC § 455C.156 for failing to inspect the water supply boiler "upon installation and at least once every two years." But Williams offers no evidence suggesting that Heritage failed to inspect or maintain the stairwell and plumbing—save evidence that a leak was repaired, which is not enough on its own.

Because Williams cannot prevail on his proposed theories of res ipsa loquitur and negligence per se, Heritage is entitled to summary judgment

## III. CONCLUSION

IT IS THEREFORE ORDERED that the Heritage's motion for summary judgment **(ECF No. 31) is GRANTED**.

DATED this 24th day of August, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE